UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:18-cr-201 |
| Plaintiff, | Hon. Janet T. Neff |
| | U.S. District Judge |
| v. | |
| BOBBY BUTCH POLLARD and LATRAILE BERNICE MCGOWAN, | |
| Defendants. | |
| _____/ | |

**UNITED STATES' MEMORANDUM IN SUPPORT
OF PROPOSED EXHIBIT #41**

At the final pretrial conference, on January 22, 2019, the Court denied Defendant's First Motion in Limine (R. 64), allowing the United States to admit a recording of a conversation between Latraile McGowan and another witness (Attachment 1). Specifically, the Court ruled that this statement was admissible pursuant to FRE 804(b)(3), as a statement by McGowan against her penal interests.

"Rule 804(b)(3) is founded on the commonsense notion that reasonable people, even reasonable people who are not especially honest, tend not to make self-inculpatory statements unless they believe them to be true." *Williamson v. United States*, 512 U.S. 594, 599 (1994). "The fact that a person is making a broadly self-inculpatory confession does not make more credible the confession's non-self-inculpatory parts. One of the most effective ways to lie is to mix falsehood with truth, especially truth that seems particularly persuasive because of its self-inculpatory nature." *Id.* at 599-600. When this happens, as in *Williamson*, the Supreme Court

ruled that the proper course is to separate the self-exculpatory portions from the self-inculpatory portions and to only admit the latter. *Id.* at 604. Accordingly, the United States removed the portions of the recording in which McGowan does not clearly inculpate herself.

Additionally, the statement contained portions that posed the risk of unfair prejudice to McGowan and Bobby Pollard. The United States redacted those portions.

The United States submitted a copy of the statement after redacting all of the above information (Attachment 2) to counsel for both defendants on January 23, 2019. Counsel for McGowan agreed to the redacted version; counsel for Pollard did not, asserting that it does not contain enough of the conversation and requesting that pages 3 through 14 of the original statement be included as well.

The United States previously included this issue in its trial brief. (R. 55: Government's Trial Brief, PageID.186-87.) "The 'rule of completeness' allows a party to correct a misleading impression created by the introduction of part of a writing or conversation by introducing additional parts of it necessary to put the admitted portions in proper context." *United States v. Holden*, 557 F.3d 698, 705 (6th Cir. 2009). However, it "is not designed to make something admissible that should be excluded." *United States v. Costner*, 684 F.2d 370, 373 (6th Cir. 1982).

The Sixth Circuit addressed a very similar circumstance to the present in *United States v. Ford*, 761 F.3d 641, 651 (6th Cir. 2014). There, the government produced testimony from an investigator regarding inculpatory statements that the defendant made. Citing the rule of completeness, on cross-examination, the defense

attempted to elicit testimony that the defendant also made statements that were. The district court did not permit such testimony because it was hearsay. The Sixth Circuit affirmed that ruling, citing *United States v. Adams,* 722 F.3d 788, 826 (6th Cir. 2013), in which it previously held that "[e]xculpatory hearsay may not come in solely on the basis of completeness."

The United States has included the portions of the recording that are inculpatory as to McGowan and not unfairly prejudicial to either defendant without any misleading context or implication. As the Sixth Circuit has repeatedly held, the rule of completeness does not make inadmissible evidence admissible. There is no other hearsay exemption or exception in which other portions of the statement would be admissible. Accordingly, the remaining portions of the conversation were properly excluded from Proposed Exhibit #41.

                                               Respectfully submitted,

                                               ANDREW BYERLY BIRGE
                                               United States Attorney

Date: January 25, 2019                   /s/ Jonathan Roth
                                               JONATHAN ROTH
                                               Assistant United States Attorney
                                               P.O. Box 208
                                               Grand Rapids, Michigan 49501-0208
                                               616.456.2404